Action by Simon Kassner, an infant, by his guardian ad litem, Louis Kassner, against Philip Weintraub. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Joseph Kleiner, for appellant.

James, Schell & Elkus (Edgar J. Treacy, of counsel), for respondent.

SEABURY, J. This action was brought to recover damages for personal injuries received by the infant plaintiff under the following circumstances: The infant resided with his parents in a tenement house owned by the defendant; the halls, stairways, and roof being under the control of the landlord. On the day the infant was injured, a large tank of water situated upon the roof overflowed; the water running down the stairs and into the halls. The infant at the time of the overflow was heard crying in the hall, and the father, going from his rooms, found the boy lying on the hall floor, which was submerged in water. The floor was slippery, and the boy had slipped, injuring his ankle. At the close of the plaintiff's case the complaint was dismissed. The facts disclosed were sufficient to put the defendant upon his proof as to the cause of the overflow of the tank, which was under his control.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

LYNCH v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department. June 28, 1911.)

STREET RAILROADS (§ 117*)—PERSONAL INJURIES—QUESTION FOR JURY.

In an action for personal injuries, caused by a collision between defendant's street railroad car and a vehicle in which plaintiff was riding, *held*, that it was error to dismiss the complaint on the ground that the evidence was not sufficient to justify a finding that defendant was negligent.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 117.*]

Appeal from Trial Term, Albany County.

Action by Lillian Lynch, a minor, by Mary Lynch, her guardian ad litem, against the United Traction Company. From a judgment dismissing the plaintiff's case, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, and SEWELL, JJ.

John W. Roddy, for appellant.

Patrick C. Dugan, for respondent.

SEWELL, J. The plaintiff, a girl 19 years of age, was injured in a collision between one of the defendant's cars and a milk wagon,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in which she was riding, about 5 o'clock in the afternoon of the 7th day of May, 1910.

The evidence given on the trial tended to show that a short time before the accident the plaintiff and two other girls were walking along Broadway in the city of Albany, when they saw a milk wagon, drawn by one horse, going in a southerly direction on the south-bound track of the defendant's street surface railroad. They asked the driver for a ride. He stopped, and the plaintiff and her companions climbed into the seat. They then proceeded southerly upon the track until they were overtaken by a south-bound car. The motorman sounded his gong as a signal to the driver to get off the track and let the car go by. A truck going in the same direction on the westerly side of the track prevented the driver of the milk wagon from turning to the right. He therefore turned to the left, and was attempting to cross the north-bound track, into the roadway beyond, when the rear end of the wagon was struck by one of the defendant's cars coming from the south, and the plaintiff was thrown out and injured. It also appeared that for more than 400 feet north from the point of collision the tracks were practically straight, that the motorman had an unobstructed view of the track during the whole of this distance, and there was evidence from which it might be fairly inferred that he made no effort to stop the car or to avoid the accident. The plaintiff testified that the car was going very fast when it was 250 feet away, that "it was going at the same rate of speed 10 feet away from me," and that it was not stopped until it had gone 10 or 12 feet beyond. I think that these facts were sufficient to justify a finding that the defendant's motorman was negligent in the management of his car.

It follows that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.